IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| PEDRO BALLI, <br><br> Petitioner, <br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR TRANSCRIPTS <br><br> Case No. 1:14-cr-70 RJS <br><br> District Judge Robert J. Shelby <br><br> Magistrate Judge Brooke Wells |

Petitioner Pedro Balli moves the court for a copy of the sentencing transcripts at government expense.[1] In support Mr. Balli asserts he is indigent, not legally trained and has attempted to contact his attorney numerous times to no avail. Further, Mr. Balli alleges the sentencing transcripts "are necessary to factually develop Petitioner's claims."[2] Presumably these claims pertain to whether Mr. Balli's sentences run "concurrent or consecutive."[3]

Although unclear from the motion, the court presumes Mr. Balli is attempting to obtain the transcripts for future proceedings brought in accordance with 28 U.S.C. § 2255.[4] Section 28 U.S.C. § 753(f) provides:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the <u>trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal</u>.[5]

---

[1] ECF No. 39.

[2] Mtn. p. 1.

[3] *Id.* p. 2.

[4] *See* 28 U.S.C. § 2255.

[5] 28 U.S.C. § 753(f) (emphasis added).

Mr. Balli has not demonstrated the requisite need for the transcript and without at least some additional information the court cannot certify "that the suit or appeal is not frivolous …."[6] Therefore Mr. Balli's motion for preparation of the sentencing transcripts at government expense will be denied.[7]

ORDER

It is HEREBY ORDERED that Mr. Balli's Motion for Sentencing Transcripts at Government's Expense is DENIED without prejudice.

DATED this 16 May 2018.

Brooke C. Wells
United States Magistrate Judge

---

[6] *Id.*

[7] *See e.g., United States v. Connors*, 904 F.2d 535, 536 (9th Cir.1990) (per curiam) (deciding that an indigent defendant is not entitled to transcripts at government expense until after a habeas petition is filed); *United States v. Brown*, 861 F.2d 266, 1988 WL 105451, at *1 (4th Cir. 1988) (affirming district court's denial of petitioner's request for production of his sentencing transcript at government expense); *United States v. Moon*, 2011 WL 692041, at *1 (W.D. Wis. Feb. 17, 2011) (denying defendant's request for sentencing transcripts at government expense).